UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:15-CR-56-TAV-CCS-11 |
| | ) |
| LUCERO BELTRAN-CHIMAL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on third-party petitioner's Seized Asset Claim Form [Doc. 331]. Also before the Court is the government's Motion to Dismiss Third-Party Petitioner's Claim [Doc. 364]. Third-party petitioner did not respond to the government's motion, and her time in which to do so has passed. E.D. Tenn. L.R. 7.2.

On September 1, 2015, defendant Lucero Beltran-Chimal was charged with conspiracy to commit money laundering, among other charges, in violation of 18 U.S.C. § 1956(h) [Doc. 84]. Subsequently, the Court entered an agreed order of forfeiture for Beltran-Chimal [Doc. 256], forfeiting her interest in certain monies seized from an address in North Carolina. The government submits that as required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, it sent notice to all parties known to have a possible interest in this property, and also published notice of the forfeiture, including publication on the internet on a government operated website for at least thirty (30) consecutive days [Doc. 365 p. 2].

On December 28, 2016, Ana Valencia (hereinafter "petitioner") filed a Seized Asset Claim Form [Doc. 331]. In her claim form, petitioner asserts that she is the owner of $5,520 to be forfeited by Beltran. Petitioner contends that she is the owner of this property because petitioner gave that money to Beltran as a gift, and as payment for dishes which petitioner purchased from Beltran. The government moved to dismiss the claim, arguing that petitioner's claim should be dismissed because petitioner failed to meet the requirements of 21 U.S.C. §§ 853(n)(3) and (n)(6) [Doc. 365].

In order to submit a valid third-party claim, a petitioner must comply with 21 U.S.C. § 853(n)(3), which mandates that a petitioner "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts . . . and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Carvajal*, No. 3:15-cr-56, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016) (quoting *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011)).

In this case, petitioner claims ownership in the seized property because she wrote checks to Beltran as a gift and to pay for dishes petitioner purchased from Beltran. Petitioner fails, however, to assert that she retained any right, title, or interest in the funds once she transferred them to Beltran. Therefore, petitioner has not set forth the "nature and extent" of any "right, title, or interest" in the money. *See* 21 U.S.C. § 853(n)(3); *see*

*also United States v. Salti*, 579 F.3d 656, 670 (6th Cir. 2009) ("The allegation that the funds to be forfeited were previously in [the claimant's] name does not, by itself, confer standing [in a forfeiture proceeding]."). Because petitioner does not set forth the "nature and extent of the . . . right, title, or interest in the property," the Court will dismiss the claim for failing to comply with the requirements of § 853(n)(3). *See United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

Additionally, petitioner's application fails to state a claim under 21 U.S.C. § 853(n)(6). "In order to survive dismissal, a third-party claim must 'provide enough facts to state a claim to relief that is plausible on its face.'" *See United States v. Castro-Reyes*, No. 3:15-cr-56, 2017 WL 706201, at *2 (E.D. Tenn. Feb. 22, 2017) (citing *United States v. Church & Dwight Co., Inc.*, 510 F. App'x 55, 57 (2nd Cir. 2013)). Petitioner's claim, even taken as true, states only that she gave the relevant funds to Beltran as a gift and as payment for dishes, and it fails to provide any facts that make petitioner's claim to any interest in the property plausible. Therefore, in addition to failing to comply with the requirements of 21 U.S.C. § 853(n)(3), petitioner's application also fails to state a claim for relief that is plausible under 21 U.S.C. § 853(n)(6). *See Castro-Reyes*, 2017 WL 706201, at *2; *see also United States v. Madoff*, 826 F. Supp. 2d 699, 703 (S.D.N.Y. 2011) (finding in a case where claimants had given the defendant an irrevocable gift, that claimants failed to state a plausible claim to any legal interest in the gifted property).

3

In sum, the government's Motion to Dismiss Third-Party Petitioners' claim [Doc. 364] is **GRANTED**, and petitioners' claim [Doc. 331] is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE